IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SINGLETON,
No. 94408-024,

Petitioner,

v.                                           Case No. 14-cv-1038-DRH

JEFFREY S. WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He is serving a three-year sentence for violating the terms of his supervised release.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Background

On May 4, 2004, petitioner was convicted by a jury in the Northern District of Illinois of theft of mail and possession of a mail access device. *United States v. Singleton*, Case No. 03-cr-175 (N.D. Ill.). He was sentenced to 115 months, plus three years of supervised release, and was ordered to pay substantial restitution (Doc. 99 in criminal case). He never appealed his conviction or sentence.[1]

Petitioner was released from prison on September 2, 2011, and initially reported to the probation office. However, in short order the government moved to revoke his supervised release, because he refused to meet with the probation officer. While the revocation proceeding was pending, petitioner was arrested in New York, and ultimately convicted there on charges of grand larceny and possession of a forged instrument. He remained in the custody of New York authorities until March 26, 2013, when he was sentenced to time served (approximately 15 months). He then was remanded to the custody of the United States Marshal, and was returned to the Northern District of Illinois.

On July 18, 2013, the trial court found petitioner in violation of the terms of his supervised release. The court revoked his supervised release and sentenced him to 36 months in prison (Doc. 172 in criminal case). Petitioner never appealed that sentence or the revocation.

On February 27, 2014, petitioner filed a § 2241 petition seeking credit

---

[1] The procedural history of petitioner's case summarized here is detailed in this Court's order denying his earlier petition for habeas relief under § 2241, *Singleton v. Walton*, Case No. 14-cv-288-DRH-CJP (S.D. Ill., Doc. 22, June 17, 2014), and in the trial court's order denying his § 2255 motion to vacate, set aside, or correct sentence, *United States v. Singleton*, Case No. 14-cv-1653 (N.D. Ill., Doc. 12, July 17, 2014).

against his 36-month federal sentence for the 15 months he served on the New York state forgery conviction. *Singleton v. Walton*, Case No. 14-cv-288-DRH-CJP (S.D. Ill.). On June 17, 2014, this Court denied relief. The undersigned Judge concluded that the Bureau of Prisons correctly determined that petitioner was not entitled to the sentence credit he sought, because a prisoner cannot get credit against both a federal and state sentence for the same time spent in custody (Doc. 22 in Case No. 14-cv-288).

Soon after filing the above matter in this Court, petitioner filed a motion on March 7, 2014, in the trial court seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Singleton v. United States*, Case No. 14-cv-1653 (N.D. Ill.). In that matter, he raised four issues. He claimed the court violated his right to counsel by forcing him to proceed without an attorney in his revocation hearing;[2] he was never given a written statement or otherwise advised of the conditions of his supervised release; the court improperly calculated the advisory sentencing guideline range; and the court erred in relying on a certification of disposition from the New York court clerk as to the disposition of the criminal matter in that state (Doc. 12 in Case No. 14-cv-1653). He also raised the same sentence credit issue that he brought in the first § 2241 case.

The trial court found that petitioner was not entitled to relief under § 2255 on any of these claims, because his failure to file an appeal at the conclusion of

---

[2] The trial court noted that petitioner had been appointed counsel, but his attorney was allowed to withdraw after irreconcilable differences developed between them. The court ultimately ordered petitioner to represent himself because he had refused to cooperate with his counsel (Doc. 12, p. 4, in Case No. 14-cv-1653).

the revocation proceeding meant that he had procedurally defaulted all his claims. Further, he failed to demonstrate good cause for or prejudice from the failure to appeal. Although the court was not required to address the merits of petitioner's claims due to the procedural default, it did discuss his contention of error in calculating the sentencing guidelines for the violation of his supervised release conditions (Doc. 12, p. 6, Case No. 14-cv-1653). Although there had indeed been an error in the calculation, no miscarriage of justice resulted:

> The sentence imposed fell well below the statutory maximum of seventy-two months imprisonment and the Court was aware that the Guidelines were advisory . . . the Court would have arrived at the same decision regardless of the advisory range. In imposing sentence, the Court noted that Singleton's sentence of imprisonment should be equivalent to the thirty-six month term of supervised release that Singleton refused to serve as a result of his obstructive conduct in refusing to cooperate with his probation officer.

(Doc. 12, p. 6, n.2, Case No. 14-cv-1653).

The court declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The order disposing of the § 2255 motion was entered on July 17, 2014.

## The Petition

Petitioner claims that he was never notified of the trial court's denial of his § 2255 motion until September 17, 2014. By that time, it was too late to appeal, leaving him with "no remedy other than this application for a writ of habeas corpus to correct the unconstitutional and illegal sentence imposed in violation of the laws of the United States" (Doc. 1, pp. 1-2). As points of error, he raises some of the same arguments which were rejected as procedurally defaulted by the trial

court in the § 2255 proceeding – he was denied counsel for the revocation hearings, and his 36-month sentence exceeded the statutory limitations for the violation of supervised release on an original conviction for a Class D or Class C felony (he claims the maximum is 24 months). Also in reference to his contention that the sentence was 12 months in excess of the allowable term, he claims that the sentencing judge did not "articulate any statement of reasons for imposing the sentence as is required under Title 18 U.S.C. § 3553(c)," and that the judge "did not identify within the judgment evidence of reconstruction of different counts within the original judgment to effect a sentencing construction of consecutive terms of imprisonment" (Doc. 1, p. 2). He claims that the disposition of his § 2255 motion deprived him of meaningful access to the courts and denied him the opportunity for review of the allegedly illegal sentence.

Petitioner requests this Court to set aside and void the judgment of the Northern District.

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Because petitioner herein is

attacking the validity of his sentence, a § 2255 motion was and is the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Likewise, the failure to appeal from the denial of a § 2255 motion does not make § 2255 an inadequate or ineffective remedy. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (citing *Taylor*, 314 F.3d at 835-36). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been

imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner does not even attempt to argue that his claims fall within the savings clause of 28 U.S.C. § 2255(e), and they clearly do not. He does not invoke any new statutory interpretation case in support of his claims, much less one that could not have been raised in his § 2255 motion, and the Court is unaware of any such authority that would support his request for relief. Those factors alone point to dismissal of this action. Moreover, the petition does not demonstrate any fundamental defect in the sentence or any miscarriage of justice, particularly in light of the trial court's discussion of its sentencing decision and the applicable non-binding guidelines.

Instead, it appears that petitioner is attempting to use this court as a back door of sorts, to allow him to present a successive, redundant § 2255 motion attacking his sentence, while skirting the requirements for bringing a successive

petition (*see* § 2255(h), (e)), or alternatively, as a substitute for an appeal of the adverse decision on his § 2255 motion. Neither of these options is a permissible function of a § 2241 proceeding.

This Court can find no flaw in the trial court's conclusion that the claims petitioner attempted to raise in his § 2255 motion were procedurally barred due to his failure to appeal after the 36-month sentence was imposed. Furthermore, the trial court's decision to deny petitioner a certificate of appealability from the denial of his § 2255 motion was legally sound. It was unfortunate that petitioner was not timely notified of the dismissal of the § 2255 action. However, this problem does not amount to a structural defect in the § 2255 procedure, thus it does not render § 2255 "inadequate or ineffective" to adjudicate petitioner's claims. *See Taylor*, 314 F.3d at 835-36. His remedy, if any, lies with the Court of Appeals, which has the power to grant a certificate of appealability, allowing for an appeal from a § 2255 dismissal, if the district court has declined to issue one. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## Disposition

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

Because this action has been dismissed, no response is necessary to the

Requests for Admissions (Docs. 3, 4) served by petitioner on Jeffrey S. Walton and Robert M. Dow. The lack of response shall not be deemed to be an admission to any of the matters contained in Docs. 3 or 4.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[3] It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: October 17, 2014**

Digitally signed by David R. Herndon
Date: 2014.10.17 10:50:08 -05'00'

**United States District Judge**

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).